UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ST. JAMES HEALTHCARE, a Montana corporation, <br><br> Defendant. | CASE NO. C04-2263RSM <br><br> ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER |

This matter is before the Court for consideration of defendant's motion to transfer this case to the United States District Court for the District of Montana. Plaintiff has opposed the motion. For the reasons set forth below, the Court GRANTS defendant's motion.

DISCUSSION

Plaintiff Northwest Administrators, Inc., ("NWA") filed this action pursuant to §§ 502(e)(1) and (f) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1) and (f), seeking additional contributions to the Teamsters Pension Trust Fund which are allegedly due under a collective bargaining agreement ("CBA"). Defendant St. James Healthcare ("St. James") operates a community hospital in Butte, Montana, and has moved pursuant to 28 U.S.C. § 1404 to transfer this case to that district.

Section 1404(a) authorizes the district court to transfer a civil action to any other district where it might have been brought, for the convenience of parties and witnesses, and the interest of justice. 28

ORDER GRANTING DEFENDANTS'
MOTION TO TRANSFER - 1

U.S.C. § 1404(a). The ERISA statute provides for venue in either "the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). NWA administers the trust fund in this district. The alleged breach took place where the defendant resides, in Montana. Venue is thus proper in either district, but defendant argues that the § 1404 factors favor the Montana venue.

The plaintiff's choice of forum is accorded great deference in ERISA cases. Jacobson v. Hughes Aircraft Co., 105 F. 3d 1288, 1302 (9th Cir. 1977). "However, this deference is one of several factors a court must consider when ruling on a motion to transfer venue." Id. The other factors are: (1) the relative convenience of the two fora; (2) the possible hardship to the plaintiff if the action is transferred; and (3) the interests of justice. Id., *citing* Decker Coal Co. v. Commonwealth Edison Co., 805 F. 2d 834, 843 (9th Cir. 1986). In weighing these factors, the Court may consider, in addition to the plaintiff's choice of forum, the location where the relevant agreements were negotiated, the state that is most familiar with the governing law, the respective parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, the differences in the costs of litigation in the two fora, the availability of compulsory process to compel attendance of unwilling non-party witnesses, and the ease of access to sources of proof. Jones v. GNC Franchising, Inc., 211 F. 3d 495, 498 (9th Cir. 2000).

Defendant has a heavy burden to show that these factors overcome the deference that must be accorded plaintiff's choice. Jacobson, 105 F. 3d 1288. Nevertheless, it has done so. This dispute arises out of a CBA between the Montana hospital and the Butte, Montana local Teamsters' Union, Local # 2. This contract was negotiated and signed in Montana. Pursuant to that CBA, St. James is obligated to pay into the Teamsters Pension Trust Fund ("Pension Trust Fund") certain sums "for all bargaining unit employees." Dkt. # 10, Exhibit A, p. 17. These contributions are paid by check issued in Butte, Montana and sent to the Pension Trust Fund in Denver, Colorado. NWA, as administrator for the Pension Trust Fund, contends that St. James must pay such contributions for temporary employees hired through temporary employee agencies. This is a question of contract interpretation which is most appropriately decided in the Montana district court.

ORDER GRANTING DEFENDANTS'
MOTION TO TRANSFER - 2

Defendant has based this motion for transfer mainly on the factor of convenience for its non-party witnesses, all residents of Montana, who will testify to the terms and conditions of the CBA as well as past practice and conduct of the parties with respect to temporary personnel.  Defendant also contends that compulsory process would not be available to compel the attendance of these witnesses at trial in Washington, should they be unwilling to testify.  Plaintiff argues in response that the testimony of these witnesses is irrelevant and inadmissible, because the Court may not "giv[e] force to oral understandings between the union and the employer that contradict the writings." Plaintiff's response, p. 8, *citing* Central States, S.E. & S.W. v. Gerber Truck, 870 F. 2d 1148, 1154 (9th Cir. 1989).  Plaintiff also asserts that Congress and the courts have restricted the availability of contract defenses in collection actions. Id., *citing* Carpenters Health & Welfare Trust v. Bla-Delco, 8 F. 3d 1365, 1369 (9th Cir. 1993).  However, defendants do not seek to present these witnesses for the purpose of either contradicting the CBA or asserting contract defenses, but rather to aid the factfinder in interpreting the contract language, particularly the term "bargaining unit employee".  Extrinsic evidence is allowed for that purpose in ERISA cases, just as it is under general contract principles.  Board of Trustees v. California Cooperative Creamery, 877 F. 2d 1415, 1426 (9th Cir. 1989); *see also*, Berg v. Hudesman, 115 Wash. 2d 657, 667 (1990) (adopting Restatement (Second) of Contracts, §§ 212, 214(c)).  Plaintiff's objection that the testimony of defendant's witnesses is inadmissible is thus without basis.

While it may be inconvenient for plaintiff to travel to Montana to litigate this matter, that inconvenience is greatly outweighed by the inconvenience that would face defendant should it be forced to travel to Washington for trial.  Plaintiff has identified only its own auditors as potential witnesses, while defendant has identified numerous non-party witnesses, who would be sorely inconvenienced by having to travel here, and would not be amenable to compulsory process in this district. Moreover, NWA, in undertaking the administration of various trusts for unions in many states, could reasonably anticipate that it might have to litigate outside this district.  St. James, on the other hand, has no contacts whatsoever with this district, other than the invoices it receives from NWA for contributions.  St. James mails its payments to Denver, Colorado, not to Seattle.   Furthermore, St. James was given no notice in

ORDER GRANTING DEFENDANTS'
MOTION TO TRANSFER - 3

the CBA that it might have to appear and defend in an action in Washington State.  Indeed, the Agreement and Declaration of Trust for the Pension Trust Fund states, in § 4 of Article IV ("Collection of Employer Contributions"), that "[t]he county in which the particular Employer Contribution is **payable** shall be a proper county in which to institute legal proceedings to collect delinquent Employer Contributions."  Dkt. # 10, Exhibit, p. 6 (emphasis added).  Under this provision, it is reasonable for St. James to expect to litigate this matter in the court nearest to Butte, Montana.

Thus, after weighing all the factors, the Court finds that the forum-related factors set forth above, together with the potential hardship to defendant and defendant's witnesses of litigating in this district, outweigh the deference due to plaintiff's forum choice under ERISA.  It is in the interest of justice to transfer this case to the district where the defendant resides and the alleged breach occurred.  Accordingly, defendant's motion to transfer is GRANTED, and this case is hereby TRANSFERRED to the United States District Court for the District of Montana, pursuant to 28 U.S.C. § 1406(a).

The Clerk is directed to forward the file, together with a copy of this Order, to the Clerk of Court, United States District Court for the District of Montana.  All future documents in this case must be submitted to the District of Montana.

DATED this     20     day of May, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS'
MOTION TO TRANSFER - 4